UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:20-cv-01281 (UNA) |
| SCOTT S. HARRIS, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On May 15, 2020, the United States District Court for the Western District of Washington transferred this matter to this court. Plaintiff originally sued the United States, the Clerk of the United States Supreme Court, and a Supreme Court case analyst. Prior to transfer, the transferring court dismissed all claims against the United States, leaving only the claims relating to the two individual defendants. The transferring court also granted plaintiff's application for leave to proceed *in forma pauperis*. Subsequent to transfer, plaintiff filed a motion to amend complaint with a concomitant amended complaint attached thereto. He has also filed a motion for summary judgment, motion for service of summonses, and motion to transfer this matter to the United States District Court for the District of Hawaii.[1]

Plaintiff takes issue with defendants' alleged refusal to accept for filing a motion for rehearing related to plaintiff's challenge to attorney disciplinary proceedings in the State of Indiana. As a result, plaintiff believes that defendants violated the ADA and infringed on his First and Fifth Amendment rights. He also brings claims pursuant to the Federal Tort Claims Act. He requests compensatory and punitive damages and declaratory relief.

---

[1] Plaintiff does not argue that this venue is improper, rather, he seeks transfer of this case solely for his own personal convenience. The Court finds his argument unavailing.

First, plaintiff's *Bivens* claims must fail. A court is immune from a damages suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Likewise, court staff are also subject to immunity. Staff, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.' ") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted). If immunity were not extended to staff performing judicially related tasks, "courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted); *see also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (holding that a "deputy clerk's alleged refusal to file documents [the] plaintiff submitted" was an action "quintessentially 'judicial' in nature because [it was] an integral part of the judicial process."). Therefore, defendants are entitled to immunity and plaintiff has failed to state a claim upon which relief may be granted.

The ADA, moreover, does not generally apply to the federal government. *See Emrit v. Nat'l Institutes of Health*, 157 F. Supp. 3d 52, 56 n.3 (D.D.C. 2016), (citing 42 U.S.C. § 12111(2), (5)(B)(i)). Plaintiff has also failed to properly plead that he is disabled pursuant to the ADA. *See Singh v. Geo. Wash. Univ. School of Medicine and Health Sciences*, 597 F. Supp. 2d 89, 94–5 (D.D.C. 2009).

Last, the transferring court found that plaintiff's FTCA claims have not yet been exhausted. *See* Apr. 28, 2020 Ord. , ECF No. 16, at 2 ("Any FTCA claim is therefore premature.") (citing 28

U.S.C. § 2675(a) and *McNeil v. U.S.*, 508 U.S. 106, 113 (1993)).  Plaintiff attempts to remedy this defect by amending his complaint,[2] now additionally attesting that he has exhausted these claims by making "an FTCA claim to the U.S. Supreme Court which was denied."  Plaintiff is mistaken that undertaking such action serves to exhaust his claims.

In order to exhaust administrative remedies under the FTCA, a plaintiff must have presented the agency with (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum-certain damages claim, and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim.  *See GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).  The FTCA bars claimants from suit until they have exhausted their administrative remedies. *McNeil*, 508 U.S. at 113 (1993); *see also* 28 U.S.C. § 2675(a) ("[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency."). This exhaustion requirement is jurisdictional.  *GAF Corp.*, 818 F.2d at 904.

Accordingly, this case is dismissed pursuant to for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's motions will all be denied.

_____/s/_____  
Emmet G. Sullivan  
United States District Judge

DATE:  June 16, 2020

---

[2] Leave to amend will not be granted when amendment would be futile.  *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).